NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MARIO ALBERTO BUENROSTRO-LOPEZ,<br><br>Defendant-Appellant. | No.    18-50273<br><br>D.C. No. 3:17-CR-03825-JAH-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted October 23, 2019**
Pasadena, California

Before:  KLEINFELD and CALLAHAN , Circuit Judges, and RESTANI,*** Judge.

Mario Alberto Buenrostro-Lopez ("Buenrostro") was convicted of illegal re-

entry after removal in violation of 8 U.S.C. § 1326(b).  He was arrested after a U.S.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

Border Patrol agent stopped the vehicle in which he was traveling near the U.S.-Mexico border. During the stop, Buenrostro confessed to being in the country illegally. He now appeals the district court's denial of his motion to suppress the stop for lack of reasonable suspicion. We affirm, holding that Border Patrol had reasonable suspicion to make the stop.

The court reviews reasonable suspicion determinations *de novo*. *United States v. Raygoza-Garcia*, 902 F.3d 994, 999 (9th Cir. 2018). Border Patrol agents may perform "brief investigatory stops" if supported by a "reasonable suspicion to believe that criminal activity may be afoot." *Id.* at 999 (citation omitted). "Reasonable suspicion is defined as a particularized and objective basis for suspecting the particular person stopped of a criminal activity." *Id.* at 999–1000 (citation and quotation omitted).

When evaluating investigatory stops near the border, the Court considers "the totality of the circumstances," which "'may include characteristics of the area, proximity to the border, usual patterns of traffic and time of day, previous alien or drug smuggling in the area, behavior of the driver, appearance or behavior of passengers, and the model and appearance of the vehicle.'" *Id.* at 1000 (quoting *United States v. Valdes-Vega*, 738 F.3d 1074, 1079 (9th Cir. 2013) (*en banc*)). Courts are not to "divorc[e] factors from their context" and "the facts must be filtered through the lens of the agents' training and experience." *Valdes-Vega*, 738 F.3d at

2

1079 (citing *United States v. Brignoni-Ponce*, 422 U.S. 873, 884–85 (1975)).

In making the stop, the Border Patrol agent relied on a call-in tip from a local security guard who witnessed a vehicle picking up an individual from the brush, the location and matching appearance of the vehicle, the erratic driving of the vehicle, and the suspicious placement of sun visors on the vehicle's dark-tinted windows.

Telephone tips may serve as the basis for establishing reasonable suspicion for an investigatory stop if they evince "sufficient indicia of reliability." *United States v. Edwards*, 761 F.3d 977, 983 (9th Cir. 2014) (citation omitted). Here, several factors contribute to the call's reliability: a security guard called into Border Patrol, gave a first-hand account of a potential illegal-alien pickup in an area known for such activity, and then called back to provide his contact information. Additionally, the short timespan between the tipster's report and stop, the agent's confirmation of the various details of the truck, the driver's behavior, and the sun visor placement further support the reasonableness of the stop.

**AFFIRMED.**